MARTINEZ
vs.
PEREZ & AL.

The agent, who carries on a suit, has no lien or preference on the amount of the judgment, in the hands of the defendant, attached by a creditor of the principal.

*MARTINEZ vs. PEREZ & AL.*

APPEAL from the court of the first district.

MATHEWS J. delivered the opinion of the court. This suit is commenced by attachment, and Miranda, a debtor of the defendants', is made garnishee: Currell, Kilshaw & co. intervened, and claim a privilege on the debt attached, for money by them expended in the prosecution of a suit, instituted by the defendants against the garnishee, in which a judgment was obtained against him, for the sum of 7,373 43. Judgment was rendered by the court below, in favor of the plaintiffs, against the original defendants, and the petition of intervention dismissed; from this decree of dismissal, the intervening party appealed.

They base the privilege or preference claimed, principally on the arts. of the La. code, which treat of the rights acquired by possessors of property belonging to others, where the possessor has incurred expenses for its preservation. Against the owner, the species of right acquired, is in the nature of that of pledge, by virtue of which he may retain the thing, until the expenses

which he has incurred are repaid. He possesses this unqualified right of pledge, even against the creditors of the owner, if they seek to have the thing sold, &c. Finally, he who has incurred these expenses, has a privilege against the creditors, which gives him a preference over them, on the price of the thing sold, &c. *Louisiana Code*, 391, 392, 393.

These provisions of our law evidently relate to the possession of corporeal things. There can be no positive possession of incorporeal rights; it is only *quasi*; it is nothing more than the use of such rights. They are not susceptible, properly, of a real possession, and perhaps no qualified or limited right on the incorporeal thing could be created by this *quasi* possession.

An agent or attorney appointed to collect debts, who expends money in prosecuting the claims of the creditor to judgments, would have no lien on such judgments, to give him a preference over other creditors of his employer. An attorney at law might retain the title papers of his client, until the latter should pay to him the fees stipulated between the parties; so a person who

Eastern District.
*March*, 1830.

MARTINEZ
*vs.*
PEREZ & AL.

is in possession of any papers, intrusted to him to have them recorded, might lawfully hold them until the fees for recording, by him advanced, should be refunded. But such privileges result from the possession of things corporeal.

In the present case, it is believed, that Currell, Kilshaw & co. could not have prevented the debtor of their principal, from paying to them the amount recovered against him, free from any lien or privilege of the agents, on the money thus paid. The evidences of the debt on which judgment was obtained, were merged in that judgment, as being an evidence of higher dignity; and of this last, they never have been in possession. We are of opinion, that the decision of the court below, in relation to the petition of intervention, is correct.

It is therefore ordered, adjudged and decreed, that the judgment of the district court be affirmed, with costs.

*Strawbridge* for appellee, *Eustis & Duncan* for appellants.